UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FARMERS INSURANCE GROUP,

       Plaintiff,

                                                        Case Number 08-13502-BC

v.                                                    Honorable Thomas L. Ludington

UNITED STATES OF AMERICA AND
PATRICK BRUHN,

       Defendants.

_____ /

## ORDER ADJOURNING HEARING ON DEFENDANT'S THIRD MOTION TO DISMISS AND PROVIDING LEAVE FOR PLAINTIFF TO FILE A FOURTH AMENDED COMPLAINT

Plaintiff Farmers Insurance Group filed a complaint in this court on August 13, 2008 alleging multiple violations of federal and state law and seeking declaratory relief and money damages from Defendants Center for Medicare and Medicaid Services, U.S. Department of Treasury, the United States, and Patrick Bruhn. [Dkt. # 1]. Three months later, Defendants Center for Medicare and Medicaid Services and U.S. Department of Treasury moved to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief could be granted, Fed. R. Civ. P. 12(b)(6). [Dkt. # 16]. The hearing on that motion was delayed several times, and the motion was eventually dismissed without prejudice as moot because the parties stipulated to Plaintiff filing an amended complaint. [Dkt. 19, 27, 32–34]. The amended complaint, titled "third amended complaint" even though it is the fifth complaint on the Court's docket, was filed September 14, 2009 and Defendant moved to dismiss it on October 1, 2009. [Dkt. # 36].

A hearing was scheduled for December 2, 2009 on Defendant's motion to dismiss, but after

consultation with the parties in chambers, the hearing was adjourned for at least sixty days. Several points were raised during the discussion. First, Defendant acknowledged it had abandoned its efforts to recoup some $7,000 for medical services to Michael Gillespie after Plaintiff furnished the necessary documentation. Second, Plaintiff acknowledged that the Medicare Secondary Payer Statute, 42 U.S.C. § 1395y, makes no-fault insurance, if Mr. Bruhn was entitled to it, the primary underwriter of Mr. Bruhn's medical expenses. In that regard, as a condition of going forward, Plaintiff must investigate and determine if there is a factual basis for its assertion that the expenses it paid on Mr. Bruhn's behalf after April 25, 2005 were "not causally related to the December 29, 2004 automobile accident . . . ." Pl.'s Resp. Br. at 1–2; [Dkt. # 39]. Plaintiff will also have to research and resolve whether it may, as an assignee of Mr. Bruhn's claim from the Michigan Department of State Assigned Claims Facility, secure the information from the medical providers directly or seek alternative means of securing the records. The third topic of discussion was, in part, the merits of Defendants' motion to dismiss, and the fact that the gravamen of Plaintiff's complaint must focus on whether the Medicare Secondary Payer Statute's procedure for reimbursement of the expenses was complied with by the Center for Medicare and Medicaid Services ("CMS") and whether Plaintiff exhausted its administrative remedies. Specifically, Plaintiff must be able to demonstrate why it believes it provided timely responses to the November 4, 2005 letter [Dkt. # 16-N] contending that Plaintiff owed CMS $19,615.28 for medical services provided to Mr. Bruhn and the January 31, 2006 notice of intent to refer the debt to the U.S. Department of Treasury for collection [Dkt. # 16-O], including the provision entitled "Challenging the Indebtedness."

    The Court will permit Plaintiff a final opportunity to amend its complaint. The Plaintiff is encouraged to focus on the claim or claims that may be successful, and support them with factual

and legal authority. Pursuant to the Federal Rules of Civil Procedure, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). Plaintiff shall file the new complaint on or before January 29, 2009. Defendant shall have twenty-one days to answer or supplement its motion to dismiss, and the Court will reschedule the hearing if necessary.

Accordingly, it is **ORDERED** that the hearing scheduled for December 2, 2009 at 2:00 p.m. is **ADJOURNED** for at least sixty days.

It is further **ORDERED** that pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff is permitted to amend its complaint in accordance with this order on or before **January 29, 2010**.

It is further **ORDERED** that Defendant United States shall have twenty one days to respond to an amended complaint, either by answer or with a supplemental motion to dismiss.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 7, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 7, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---